UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| In the Matter of the Application Regarding<br><br>20-004-04 | No. ___ 20-mj-4 ___<br><br>REDACTED APPLICATION FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF A PEN REGISTER AND TRAP AND TRACE DEVICE, AND FOR SUBSCRIBER INFORMATION |

The United States of America, moving by and through Jennifer Mammenga, its undersigned counsel, respectfully submits under seal this *ex parte* application for an order pursuant to 18 U.S.C §§ 3122 and 3123, authorizing the installation and use of a pen register and trap and trace device or process ("pen/trap device") to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the WhatsApp, Inc ("WhatsApp") account for █████ █████, referred to as the **SUBJECT ACCOUNT** described in Attachment A. In support of this application, the United States asserts:

1.     This is an application, made under 18 U.S.C. § 3122(a)(1), for an order under 18 U.S.C. § 3123 authorizing the installation and use of a pen register and a trap and trace device.

2.     Such an application must include three elements: (1) "the identity of the attorney for the Government or the State law enforcement or investigative officer making the application"; (2) "the identity of the law

enforcement agency conducting the investigation"; and (3) "a certification by the applicant that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by that agency." 18 U.S.C. § 3122(b).

3. The undersigned applicant is an "attorney for the government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure.

4. The law enforcement agency conducting the investigation is the Drug Enforcement Administration (DEA).

5. The applicant hereby certifies that the information likely to be obtained by the requested pen-trap devices is relevant to an ongoing criminal investigation being conducted by the Drug Enforcement Administration.

6. This Court is a "court of competent jurisdiction" under 18 U.S.C. § 3122(a)(2) because it "has jurisdiction over the offense being investigated," 18 U.S.C. § 3127(2)(A)(i).

## ADDITIONAL INFORMATION

7. Other than the three elements described above, federal law does not require that an application for an order authorizing the installation and use of a pen register and a trap and trace device specify any facts. The following additional information is provided to demonstrate that the order requested falls within this Court's authority to authorize the installation and use of a pen register or trap and trace device under 18 U.S.C. § 3123(a)(1).

8. A "pen register" is "a device or process which records or decodes dialing, routing, addressing, or signaling information transmitted by an

instrument or facility from which a wire or electronic communication is transmitted." 18 U.S.C. § 3127(3). A "trap and trace device" is "a device or process which captures the incoming electronic or other impulses which identify the originating number or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication." 18 U.S.C. § 3127(4).

9.    In the traditional telephone context, pen registers captured the destination phone numbers of outgoing calls, while trap and trace devices captured the phone numbers of incoming calls. Similar principles apply to other kinds of wire and electronic communications, as described below.

10.   WhatsApp, Inc. ("WhatsApp") provides an Internet based multimedia messaging service (MMS) via a smartphone application that functions using both cellular and wireless data connections.    WhatsApp Messenger is an alternative to traditional cellular short message service (SMS) and MMS and works via the Internet, thus avoiding any charges that normal messages incur.   WhatsApp Messenger is a cross-platform mobile messaging application which is available for iPhone, BlackBerry, Android, Windows Phone, and Nokia.

11.   Cellular telephone service is provided to a cellular handheld device, often referred to as a smartphone, by wireless cellular carriers, such as Verizon, Sprint, or AT&T.   SMS text messaging and traditional cellular phone voice communications are provided via a wireless cellular carrier's network. The WhatsApp Messenger application accessible via the smartphone device is

transmitted across the Internet using the cellular provider's data connection or a wireless data connection (WiFi access point) such as a home wireless router, or a public wireless hotspot Internet data connection.

12. WhatsApp users may send text messages, audio messages, video messages, and location information between mobile devices with the WhatsApp Messenger application installed. WhatsApp users may also set up and participate in group chats. Each WhatsApp account has a unique account identifier associated with the mobile device's telephone number. When using WhatsApp Messenger to communicate, instead of sending a message to an email address, the message is routed across the internet, via WhatsApp servers located in the United States, from one mobile device to another. WhatsApp account numbers function similar to the telephone numbers of incoming and outgoing calls, because they indicate origin(s) and destination(s). WhatsApp account numbers can be recorded by pen-trap devices and can be used to identify parties to a communication without revealing the communication's content.

13. When using the WhatsApp Messenger application to communicate, the message is routed through servers controlled by WhatsApp. Unlike an e-mail message, which is stored on a network server maintained by the provider, WhatsApp messages are merely routed to a server managed by WhatsApp, which does not store the communication, but simply routes the communication to the receiving mobile device as soon as the receiver is on-line.

## THE RELEVANT FACTS

14.   The Drug Enforcement Administration, is investigating violations of 21 U.S.C. §§ 841(a)(1) and 846 (distribution and conspiracy to distribute controlled substances), and 18 U.S.C. §§ 1952 and 1956 (use of facilities in interstate commerce and money laundering).

15.   In December 2019, South Dakota (SD) Division of Criminal Investigation (DCI) Special Agent (SA) Scot Hawks met with DEA Sioux Falls Resident Office (SFRO) Special Agents regarding ███████████████████████

████████████████████████.

16.   SA Hawks explained a SD DCI Confidential Source (CS) identified as ███████████████████████████████████

████████████.

17.   SA Hawks stated that ████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████.

18.   SA Hawks stated that his investigation and the CS revealed that

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████.

19. The CS provided █████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
██████████████████.

20. The CS reported ███████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
████████████████████████████████.

21. The CS is also aware that ███████████████████
███████████████████████████████████████████████
████████████████████████.

22. On ███████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
████████████████████.

23. On ███████████████████████████████████████
███████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████.

24.   On ████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████.

25.   Based on the foregoing, Agents believe that ███████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████.

26.   The conduct being investigated involves use of the **SUBJECT ACCOUNT**.   To further the investigation, investigators need to obtain the dialing, routing, addressing, and signaling information associated with communications sent to or from the **SUBJECT ACCOUNT**.

27.     The pen-trap device sought by this application will record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the **SUBJECT ACCOUNT**, including the date, time, and duration of the communication, and to record user log-in data (date, time, duration, and Internet Protocol address of all log-ins) on the **SUBJECT ACCOUNT**.

<u>GOVERNMENT REQUESTS</u>

28.     For the reasons stated above, the United States requests that the Court enter an Order authorizing the installation and use of a pen-trap device to record, decode, and/or capture the dialing, routing, addressing, and signaling information described above for each communication to or from the **SUBJECT ACCOUNT**, to include the date, time, and duration of the communication, without geographic limit. The United States does not request and does not seek to obtain the contents of any communications, as defined in 18 U.S.C. § 2510(8).

29.     The United States further requests that the Court authorize the foregoing installation and use for a period of 60 days from the date of the Court's Order, pursuant to 18 U.S.C. § 3123(c)(1).

30.     The United States further requests, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that the Court order WhatsApp, Inc. and any other person or entity providing wire or electronic communication service in the United States whose assistance may facilitate execution of this Order to furnish, upon service of the Order, information, facilities, and technical

assistance necessary to install the pen-trap device, including installation and operation of the pen-trap device unobtrusively and with minimum disruption of normal service. Any entity providing such assistance shall be reasonably compensated by the Drug Enforcement Administration, pursuant to 18 U.S.C. § 3124(c), for reasonable expenses incurred in providing facilities and assistance in furtherance of this Order.

31.   The United States further requests that the Court order WhatsApp, Inc. and any other person or entity whose assistance may facilitate execution of this Order to notify the applicant and the Drug Enforcement Administration of any changes relating to the **SUBJECT ACCOUNT**, and to provide prior notice to the applicant and the Drug Enforcement Administration before terminating or changing service to the **SUBJECT ACCOUNT**.

32.   The United States further requests that the Court order that the Drug Enforcement Administration and the applicant have access to the information collected by the pen-trap device as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to them, for the duration of the Order.

33.   The United States further requests, pursuant to 18 U.S.C. § 3123(d)(2), that the Court order WhatsApp, Inc. and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, not to disclose in any manner, directly or indirectly, by any action or inaction, the existence of this application and Order, the resulting pen-trap device, or this investigation, unless and until authorized by this Court, except

that WhatsApp, Inc. may disclose this Order to an attorney for WhatsApp, Inc. for the purpose of receiving legal advice.

34.    The United States further requests that this application and any resulting Order be sealed until otherwise ordered by the Court, pursuant to 18 U.S.C. § 3123(d)(1).

35.    The United States further requests that the Clerk of the Court provide the United States Attorney's Office with three certified copies of this application and Order, and provide copies of this Order to the Drug Enforcement Administration and WhatsApp, Inc. upon request.

36.    The foregoing is based on information provided to me in my official capacity by agents of the Drug Enforcement Administration.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this ___17th___ day of January, 2020.

RONALD A. PARSONS, JR.
United States Attorney

Jennifer D. Mammenga
Assistant United States Attorney
P.O. Box 2638
Sioux Falls, SD 57101-2638
Telephone:  (605)357-2361
Facsimile:   (605)330-4410
E-Mail: Jennifer.Mammenga@usdoj.gov

## ATTACHMENT A

### "Whatsapp"

| Facility | Account Number or identifier | Subscriber, if known | Subject of investigation, if known |
|---|---|---|---|
| Whatsapp | ██████████ | UNK | FNU LNU |

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

---

| | |
|---|---|
| In the Matter of the Application Regarding | No. _____ 20 - mj - 4 _____ |
| 20-004-04 | REDACTED ORDER FOR PEN REGISTER AND TRAP AND TRACE DEVICE |

---

Jennifer Mammenga, on behalf of the United States, has submitted an application pursuant to 18 U.S.C. §§ 3122 and 3123, requesting that the Court issue an Order authorizing the installation and use of a pen register and trap and trace device or process ("pen/trap device") on all electronic or other transmissions of data passing through the WhatsApp, Inc. ("WhatsApp") accounts identified in Attachment A (herein referred to as **SUBJECT ACCOUNT**).

The Court finds that an attorney for the government has submitted the application and has certified that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation being conducted by the Drug Enforcement Administration of unknown individuals in connection with possible violations of 21 U.S.C. §§ 841(a)(1) and 846 (distribution and conspiracy to distribute controlled substances), and 18 U.S.C. §§ 1952 and 1956 (use of facilities in interstate commerce and money laundering).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 3123, that a pen/trap device may be installed by WhatsApp and the Drug Enforcement

Administration to record, decode, and/or capture all non-content dialing, routing, addressing, and signaling information associated with each communication to or from the **SUBJECT ACCOUNT**, including the date, time, and duration of the communication, and to record user log-in data (date, time, duration, and Internet Protocol address of all log-ins) on the **SUBJECT ACCOUNT**.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(c)(1), that the use and installation of the foregoing is authorized for a period of 60 days, beginning at any time within 14 days from the date of this Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that WhatsApp, Inc. and any other person or entity providing wire or electronic communication service in the United States whose assistance may, pursuant to 18 U.S.C. § 3123(a), facilitate the execution of this Order shall, upon service of this Order, furnish information, facilities, and technical assistance necessary to install the pen-trap device, including installation and operation of the pen-trap device unobtrusively and with minimum disruption of normal service;

IT IS FURTHER ORDERED that the Drug Enforcement Administration reasonably compensate WhatsApp, Inc. and any other person or entity whose assistance facilitates execution of this Order for reasonable expenses incurred in complying with this Order;

IT IS FURTHER ORDERED that WhatsApp, Inc. and any other person or entity whose assistance may facilitate execution of this Order notify the applicant

and the Drug Enforcement Administration of any changes relating to the **SUBJECT ACCOUNT**, including changes to subscriber information, and to provide prior notice to the Drug Enforcement Administration before terminating or changing service to the **SUBJECT ACCOUNT**;

IT IS FURTHER ORDERED that the Drug Enforcement Administration and the applicant have access to the information collected by the pen-trap devices as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to the Drug Enforcement Administration, for the duration of the Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(d)(2), that WhatsApp, Inc. and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, shall not disclose in any manner, directly or indirectly, by any action or inaction, the existence of the application and this Order, the pen-trap devices, or the investigation to any person, unless and until otherwise ordered by the Court, except that WhatsApp, Inc. may disclose this Order to an attorney for WhatsApp, Inc. for the purpose of receiving legal advice;

IT IS FURTHER ORDERED that the Clerk of the Court shall provide the United States Attorney's Office with three certified copies of this application and Order, and shall provide copies of this Order to the Drug Enforcement Administration and WhatsApp, Inc. upon request;

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court, pursuant to 18 U.S.C. § 3123(d)(1).

Dated: 1-17-2020

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge